UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANA PARKER on behalf of minor O.P.,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE PUBLIC SCHOOLS,<br><br>Defendant. | Case No. C24-1298RSL<br><br>ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's "Application for Court-Appointed Counsel." Dkt. # 5.

Generally, a person has no right to counsel in civil actions. *See Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021). However, under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together.

ORDER DENYING APPLICATION FOR
APPOINTMENT OF COUNSEL - 1

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In addition, the party seeking appointment of counsel must show indigency. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has been granted leave to proceed *in forma pauperis*, so the indigency requirement is satisfied. *See Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, based on the record presently before the Court, it appears plaintiff has thus far "demonstrated sufficient writing ability and legal knowledge" to articulate this claim. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In clear statements, plaintiff alleges a violation of her son's civil rights and describes an alleged Due Process violation during proceedings before an Administrative Law Judge earlier this year. Dkt. # 4. Although it is too early in this proceeding to determine the likelihood of plaintiff's success on the merits, thus far plaintiff's ability to articulate claims does not appear to be hampered by the complexity of the issues involved. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995), as amended (May 24, 1995) (finding denial of appointed counsel proper where plaintiff "was not hampered in articulating his claims by any complexity of the issues involved."). Therefore, the threshold for finding "exceptional circumstances" that justify the appointment of counsel in a civil case has not been met. *Wilborn*, 789 F.2d 1328 at 1331.

For all the foregoing reasons, plaintiff's application for appointment of counsel is DENIED without prejudice to plaintiff raising the issue again later in the case.

ORDER DENYING APPLICATION FOR
APPOINTMENT OF COUNSEL - 2

1 DATED this 7th day of October, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING APPLICATION FOR
APPOINTMENT OF COUNSEL - 3