UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANA PARKER on behalf of minor O.P., <br><br>Plaintiff, <br><br>v. <br><br>SEATTLE PUBLIC SCHOOLS, <br><br>Defendant. | Case No. C24-1298RSL <br><br>ORDER DENYING SECOND MOTION TO APPOINT COUNSEL |

This matter comes before the Court on plaintiff's second motion for appointment of counsel. Dkt. # 9 at 3. Plaintiff, proceeding pro se, made her second motion for appointment of counsel in a filing that also responded to the Court's January 14, 2025 Order to Show Cause. Dkts. # 7, 9. Having reviewed plaintiff's filing and the record herein, the Court DENIES plaintiff's second motion for appointment of counsel and finds as follows:

I.   **Plaintiff's Response to the Court's Order to Show Cause**

Turning first to plaintiff's response to the Court's January 14, 2025 Order to Show Cause (Dkt. # 7), the Court finds that plaintiff's failure to serve defendant within the timeframe normally required by Fed. R. Civ. P. 4(m) was caused by plaintiff's lack of familiarity with the rules and processes of federal court. Dkt. # 9. Plaintiff has now served defendant and, in

ORDER DENYING SECOND APPLICATION
FOR APPOINTMENT OF COUNSEL - 1

response, defendant has filed a Motion to Dismiss. Dkts. # 9-1, 11. Thus, there is good cause for the Court to allow the action to go forward. Fed. R. Civ. P. 4(m).

## II.  Plaintiff's Second Motion for Appointment of Counsel

Plaintiff makes her second request for appointment of counsel by stating: "I would like to ask for an attorney to be appointed by the court." Dkt. # 9 at 2–3. Generally, a person has no right to counsel in civil actions. *See Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021). However, under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In addition, the party seeking appointment of counsel must show indigency. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has been granted leave to proceed *in forma pauperis*, so the indigency requirement is satisfied. *See Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, based on the record presently before this Court it appears plaintiff is able to sufficiently articulate her claims, even as plaintiff's claims appear unlikely to succeed on the merits. *See* Dkts. # 4, 9, 11, 13 ¶ 3. Therefore, the threshold for finding "exceptional

ORDER DENYING SECOND APPLICATION
FOR APPOINTMENT OF COUNSEL - 2

circumstances" that justify the appointment of counsel in a civil case has not been met. *Wilborn*, 789 F.2d 1328 at 1331.

### III.    Conclusion

For all the foregoing reasons, plaintiff's second motion for appointment of counsel is DENIED. Dkt. 9. The Clerk will re-note defendant's Motion to Dismiss to April 28, 2025. Plaintiff's response to the Motion to Dismiss shall be filed on or before April 21, 2025. Defendant's reply, if any, shall be filed on or before April 28, 2025.

IT IS SO ORDERED.

DATED this 3rd day of March, 2025.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING SECOND APPLICATION
FOR APPOINTMENT OF COUNSEL - 3